IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WAYNE JOSEPH CHANG, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 3:23-CV-278-B-BT |
| § | (NO. 3:18-CR-588-B) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Movant Wayne Joseph Chang's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DENIED**.

I.   BACKGROUND

On November 20, 2018, Movant was named in a four-count indictment charging him in count one with conspiracy to possess with intent to distribute a substance containing a detectable amount of cocaine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C), and in count three with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *United States v. Daniel Mendoza Jr., et al.*, No. 3:18-CR-588-B, Crim. Doc. 24. Movant entered a plea of not guilty. Crim. Doc. 31. On July 19, 2019, Movant was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. Crim. Doc. 62. Movant and his counsel signed a waiver of indictment, Crim. Doc. 63, a plea agreement, Crim. Doc. 64, and a factual resume. Crim. Doc. 66.

The factual resume set forth the elements of the offense charged by the superseding information and the stipulated facts establishing that Movant had committed that offense. Crim. Doc. 66. The plea agreement set forth among other things the penalties Movant faced, an explanation of the Court's discretion and role of the guidelines in sentencing, the Government's agreement to dismiss the charges included in the indictment and not to bring any additional charges, a statement that the plea was freely and voluntarily made and that there had been no guarantees or promises as to what sentence would be imposed, and a waiver of the right to appeal or otherwise challenge the sentence except in certain limited circumstances. Crim. Doc. 64.

On September 10, 2019, Movant appeared for rearraignment. He testified under oath that: he understood he should not depend on any statement or assurance by anyone as to what sentence might be imposed; the sentence would be wholly within the Court's discretion; he and counsel had had a full opportunity to discuss the case and proposed plea and Movant was satisfied with the representation and advice he had received; he waived his right to indictment; he understood the essential elements of the offense charged by the superseding information and he committed each of them; no one had tried in any way to coerce or persuade him to plead guilty; he signed the plea agreement after reading it and discussing it with counsel; he waived his right to appeal and to pursue habeas relief except in limited circumstances; he understood that he faced a term of imprisonment not to exceed 20 years; he had read and discussed the factual resume with counsel before signing it and the facts stipulated were true and correct. Crim. Doc. 124.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 24. Crim. Doc. 82, ¶ 46. He received a two-level increase for possession of a dangerous weapon, *id.* ¶ 47, and a two-level increase for maintaining a drug

premises. *Id.* ¶ 48. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 54, 55. Based on a total offense level of 25 and a criminal history category of V, his guideline imprisonment range was 100 to 125 months. *Id.* ¶ 110. Movant filed objections, Crim. Doc. 90, and the probation officer prepared an addendum to the PSR rejecting Movant's objections. Crim. Doc. 95.

At the sentencing hearing, Movant withdrew his initial objections to the PSR based on the alleged lack of testing to prove that certain edibles contained THC. Counsel had overlooked a lab report and obviously did not wish to persist in a frivolous objection. Crim. Doc. 133 at 6. Counsel argued instead that the edibles should not be counted because they were for Movant's personal use. *Id.* at 6–7. The Court was not persuaded. *Id.* at 9. The Court did sustain Movant's objection to the enhancement for possession of a weapon. *Id.* at 10. As a result, Movant's guideline range became 84 to 105 months. *Id.* at 12. Noting Movant's incredible criminal history and repeated probation violations, the Court determined that 105 months was not a sufficient sentence. Rather, 125 months was necessary to keep the community safe and promote respect for the law. *Id.* at 18–21.

The Court sentenced Movant to a term of imprisonment of 125 months. Crim. Doc. 113. He appealed despite having waived the right to do so. Crim. Doc. 116. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit dismissed the appeal as failing to present any nonfrivolous issue. *United States v. Chang*, 856 F. App'x 530 (5th Cir. 2022).

Movant asserts two grounds in support of his motion. He says that he received ineffective assistance of counsel because: (1) counsel failed to investigate and conduct an independent

chemical analysis of all packages of edibles to determine whether they contained THC or merely CBD, and (2) counsel failed to inform Movant that property he agreed to forfeit as well as drugs seized at his home would be included in the drug quantity calculation, whereas Movant believed his offense level would be 16. Civ. Docs. 2 at 7; 3, 4, and 5.

## II.     APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### III. ANALYSIS

In support of his first ground, Movant argues that his counsel rendered ineffective assistance because he "failed to investigate and conduct an independent chemical analysis of all packages of gummy bears." Civ. Doc. 2 at 7. One who alleges failure to investigate must allege with specificity what exculpatory evidence his counsel would have learned through the investigation.

5

*United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). He must show that the evidence would have been material and beneficial to his defense. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). In other words, he must show a reasonable probability that the result would have been different, that is, a probability sufficient to undermine confidence in the outcome. *Newbury v. Stephens*, 756 F.3d 850, 873 (5th Cir. 2014). The probability must be substantial, not just conceivable. *Id.* A decision not to investigate a particular matter is "assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* Movant has not made that showing here. First, he can offer nothing but speculation as to how any testing might have turned out. Second, as the sentencing transcript makes clear, counsel strategically chose not to persist in the initial objections to the PSR.[1] Rather, he made an argument that, if successful, would have eliminated the edibles from the drug calculation entirely. In any event, Movant is unable to establish prejudice, because the Court determined that a sentence of no less than 125 months was appropriate.

In support of his second ground, Movant alleges that counsel failed to inform him that he was "subjected to an increased sentence, pursuant to the PSR." Civ. Doc. 2 at 7. He avers that had he not been misled to believe that he "was set at a level 16, category V at sentencing," he would not have entered a guilty plea and would have sought a better agreement or gone to trial. Civ. Doc. 5 at 3. Any allegation that Movant's plea was not knowing and voluntary is belied by the record, which reflects that Movant's plea was made knowingly and voluntarily and with notice of the

---

[1] As the addendum to the PSR pointed out, a lab report confirmed that the "edibles were THC." Crim. Doc. 95 at 1. Based on Movant's admission that "CBD gummy bears [were] combined within packages of THC gummy bears," Civ. Doc. 3 at 5, counsel could reasonably have concluded that all contained THC.

6

consequences thereof. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Movant testified under oath at rearraignment that he had discussed the guidelines with counsel and he understood he should not depend on any statement or assurance by anyone as to what sentence might be imposed because only the judge could make that decision. Crim. Doc. 124 at 6. Further, he understood that the probation officer was not limited to the facts contained in the factual resume, but could consider other facts in preparing the PSR. *Id.* at 6–7. And, his plea was purely voluntary and not induced by any promises. *Id.* at 11, 14. He understood that he faced a term of imprisonment not to exceed 20 years and that if he received a sentence more than he expected he would not be able to withdraw his plea. *Id.* at 15. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The factual resume and plea agreement Movant signed are also accorded great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). In the factual resume, Movant stipulated to the facts establishing that Movant had committed the offense charged by the superseding information. Crim. Doc. 66. He specifically stipulated that cash found during a search of his residence was related to and/or proceeds of his drug trade. *Id.* at 3. The plea agreement reflects that that the plea was freely and voluntarily made and not the result of force or threats or promises aside from those set forth in the agreement and that Movant had thoroughly reviewed all legal and factual aspects of the case with his attorney and was fully satisfied with his attorney's legal representation. Crim. Doc. 64. In particular, he had reviewed the guidelines with his counsel, but understood that no one could predict the outcome of the Court's consideration of the guidelines in his case. *Id.* at 3. He has not come forward with any evidence bearing the slightest indicia of reliability to overcome his testimony. *See United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006);

*United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). A plea agreement is not rendered involuntary by the defendant's mere subjective understanding that he will receive a particular sentence. *Spinelli v. Collins*, 992 F.2d 559, 561–62 (5th Cir. 1993). Nor is it rendered involuntary because of a misunderstanding based on counsel's inaccurate prediction that a lesser sentence would be imposed. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989); *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987).

Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant has not cited to any contemporaneous evidence to support his position, probably because there is none. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

### III.   CONCLUSION

Accordingly, Chang's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED this 10th day of April, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE